IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-202-D
No. 5:17-CV-54-D

TIRREIL MARIO MAYNOR, )
)
        Petitioner, )
)
v. ) **ORDER**
)
UNITED STATES OF AMERICA, )
)
        Respondent. )

On January 30, 2017, Tirreil Mario Maynor ("Maynor") moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his 96-month sentence [D.E. 38]. On April 6, 2017, the government moved to dismiss Maynor's section 2255 motions for failure to state a claim [D.E. 42] and filed a memorandum in support [D.E. 43]. As explained below, the court grants the government's motion to dismiss, and dismisses Maynor's section 2255 motion.

I.

On October 29, 2015, Maynor pleaded guilty to possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). See [D.E. 21]. On March 8, 2016, this court held Maynor's sentencing hearing. See [D.E. 33]. The court calculated Maynor's advisory guideline range to be 92 to 115 months' imprisonment. See [D.E. 35, 36]. After considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Maynor to 96 months' imprisonment [D.E. 35, 36]. Maynor did not appeal.

On January 30, 2017, Maynor filed his section 2255 motion [D.E. 38]. Maynor contends that (1) the trial court lacked subject-matter jurisdiction because North Carolina authorities unlawfully held Maynor in state custody on state charges for ten months before a federal grand jury in the Eastern District of North Carolina indicted Maynor and charged Maynor with being a felon in

possession of a firearm; (2) the trial court lacked subject-matter jurisdiction because the United States failed to specify the predicate prior felony conviction in the indictment; and (3) ineffective assistance of trial counsel by failing to object to the robbery cross reference under U.S.S.G. § 2B3.1 and thereby increasing Maynor's advisory guideline range. See [D.E. 38] 1–7. On April 6, 2017, the government moved to dismiss Maynor's motion for failure to state a claim upon which relief can be granted. See [D.E. 42].

The government may challenge the legal sufficiency of a section 2255 petition through a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Rule 12, Rules Governing Section 2255 Proceedings; United States v. Frady, 456 U.S. 152, 166–68 n.15 (1982); United States v. Reckmeyer, 900 F.2d 257, at *4 (4th Cir. 1990) (unpublished table decision). A motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted" tests the claims' legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a petition's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. The court, however, "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency" of the petition. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Construing the facts in this manner, the petition must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (quotation omitted).

A court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues &

2

Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

As for Maynor's first two claims, Maynor failed to raise these claims on direct appeal. Thus, procedural default bars Maynor from presenting these claims under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001); Spence v. United States, No. 2:11-CR-4-D, 2:15-CV-45-D, 2017 WL 385770, at *2 (E.D.N.C. Jan. 25, 2017) (unpublished). Furthermore, Maynor has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from these alleged errors. See Bousley, 523 U.S. at 622–24; Frady, 456 U.S. at 170; United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); United States v. Mikalajunas, 186 F.3d 490, 493–95 (4th Cir. 1999). Accordingly, these claims fail.

Alternatively, these two claims fail because Maynor pleaded guilty to the federal charge, and the alleged errors do not affect subject-matter jurisdiction. See, e.g., Tollett v. Henderson, 411 U.S. 258, 266–67 (1973); United States v. Cherry, 720 F.3d 161, 166 (4th Cir. 2013); United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993); cf. Class v. United States, 138 S. Ct. 798, 803–07 (2018).

Alternatively, the claims fails because North Carolina had the right to charge Maynor in state court and to detain him. Whatever delay occurred in the state proceeding does not affect the later federal proceeding. Moreover, the United States, as a separate sovereign, had the right to charge Maynor in federal court for conduct arising from the same criminal activities. See, e.g., Bartkus v. Illinois, 359 U.S. 121, 132–39 (1959). Furthermore, Maynor's indictment did not need to specify

3

the felony conviction to put Maynor on notice of the felon-in-possession charge against him. See, e.g., United States v. Miller, 471 U.S. 130, 135–45 (1985); Hamling v. United States, 418 U.S. 87, 117–19 (1974); United States v. Cobb, 905 F.2d 784, 790–91 (4th Cir. 1990); United States v. Am. Waste Fibers, 809 F.2d 1046–47 (4th Cir. 1987) (per curiam).

Maynor's remaining claim alleges ineffective assistance of trial counsel. "The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Missouri v. Frye, 566 U.S. 134, 140 (2012); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover, 531 U.S. at 203–04. To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Maynor must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694. When a defendant pleads guilty,

4

"in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see Lee v. United States, 137 S. Ct. 1958, 1967 (2017). "Surmounting Strickland's high bar is never an easy task, and the strong societal interest in finality has special force with respect to convictions based on guilty pleas." Lee, 137 S. Ct. at 1967 (quotations and citations omitted).

Maynor contends that trial counsel was ineffective by failing to object the robbery cross reference under U.S.S.G. § 2B3.1 and thereby increasing Maynor's advisory guideline range. Maynor, however, committed a robbery and discharged a firearm while possessing the firearm after sustaining a felony conviction. See PSR [D.E. 25] ¶¶ 4–8, 14. Thus, any objection would have been baseless. The failure to make a baseless objection is not deficient performance. See Knowles v. Mirazayance, 556 U.S. 111, 127–28 (2009). Accordingly, the claim fails.

Alternatively, this court's alternative sentence defeats any prejudice claim concerning the advisory guideline range. See United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 161–65 (4th Cir. 2012). Thus, the claim fails. See, e.g., Bobby, 558 U.S. at 11–12; Knowles, 556 U.S. at 127–28; Strickland, 466 U.S. at 689–90.

After reviewing the claims presented in Maynor's motion, the court finds that reasonable jurists would not find the court's treatment of Maynor's claims debatable or wrong and that the claims deserve no encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 42], DISMISSES Maynor's section 2255 motion [D.E. 38], and DENIES a certificate of appealability.

5

SO ORDERED. This 18 day of June 2018.

JAMES C. DEVER III
Chief United States District Judge